Filed 2/16/23  P. v. Lewis CA3
Opinion following transfer from Supreme Court

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CARL LEWIS,<br><br>    Defendant and Appellant. | C091066<br><br>(Super. Ct. No. 98F07013)<br><br>OPINION ON TRANSFER |

Defendant Carl Lewis appeals the trial court's denial of his petition for resentencing under Penal Code former section 1170.95,[1] arguing the trial court incorrectly found that his conviction for first degree murder with a burglary-murder special circumstance precluded his eligibility for relief.

---

[1]     Effective June 30, 2022, Penal Code former section 1170.95 was renumbered section 1172.6 with no change in text.  (Stats. 2022, ch. 58, § 10.)

Undesignated statutory references are to the Penal Code.

We filed an unpublished opinion on December 29, 2020, affirming the trial court's order. Our Supreme Court granted review of the matter on March 17, 2021, and transferred the case to us with directions to vacate our previous decision and reconsider the cause in light of *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*) and *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*). After reconsidering the matter, we will reverse the trial court's order and remand the case for further proceedings.

BACKGROUND

In 2000, defendant was convicted of burglary (§ 459), robbery (§ 211), and first degree murder. (§ 187, subd. (a).) (*People v. Lewis et al.* (Jan. 8, 2002, C034860) [nonpub. opn.].) "The jury also found true the special circumstance that the murder was committed during the commission of burglary." (*Ibid.*) With respect to the special circumstance finding under section 190.2, the jury was instructed with then current CALJIC No. 8.80.1, which required the prosecution to prove beyond a reasonable doubt that defendant was the actual killer, acted with intent to kill, or was a major participant in the underlying felony and acted with reckless indifference to human life. Defendant appealed the convictions and we summarized the relevant facts. In short, defendant and a codefendant took items of value from two apartments. One of the victims, an elderly woman who lived in one of the apartments, was found in a coma the next day with injuries consistent with blunt force trauma, and later died. Defendant admitted participating in the burglary and bumping into the victim, but said she only "spun around" and did not fall down. (*People v. Lewis et al., supra*, C034860.)

In his direct appeal, defendant challenged the sufficiency of the evidence for the special circumstance finding, arguing there was insufficient evidence to show he acted with reckless indifference to human life. We rejected defendant's argument, saying there was no need to establish he acted with reckless indifference because sufficient evidence supported the conclusion he was the actual killer: "As Lewis acknowledges, the requirement of finding reckless indifference to human life before finding true a burglary

2

special circumstance does not apply if there was sufficient evidence for the jury to conclude that the defendant was the actual killer. (See Pen. Code, § 190.2 [requiring reckless indifference only if defendant not actual killer]; see also *People v. Smithey* (1999) 20 Cal.4th 936, 1016 [same].) Since we conclude there was sufficient evidence for the jury to conclude that Lewis was the actual killer, we need not consider his reckless indifference argument.

"Lewis admittedly encountered [the victim] as he was exiting the apartment. He asserted he merely bumped her, but the evidence, including his proximity to her, her injuries, and the likelihood that the injuries were caused by the flashlight he was carrying, support the inference he beat her, striking her at least four times with considerable force. Additionally, he criticized [codefendant] for leaving him at the apartment and stated he had hit [the victim] 'upside the head.' " (*People v. Lewis et al., supra*, C034860.) We affirmed defendant's convictions.

On January 28, 2019, defendant filed a petition for resentencing under former section 1170.95. The petition alleged defendant was eligible for relief because he was charged "under a theory of felony murder or murder under the natural and probable consequences doctrine," he "was convicted of 1st or 2nd degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine," and he could "not now be convicted of 1st or 2nd degree murder because of changes made to [] §§ 188 and 189, effective January 1, 2019."

The district attorney's office filed a response to the petition, and defendant, through counsel, filed a brief in opposition to the district attorney's response. The trial court denied defendant's petition, saying, "Defendant Lewis, at trial by jury, was found guilty of first degree murder, and the jury also found true, by unanimous verdict and beyond a reasonable doubt, that a burglary-murder special circumstance was true. In making its determination on the special circumstance allegation, the jury is presumed to have followed CALCRIM No. 8.80.1, with which it had been instructed regarding the

3

special circumstance, and found that defendant Lewis either was the actual killer, acted with intent to kill, or was a major participant in the burglary and acted with reckless indifference to human life in committing the burglary.

"Defendant Lewis's judgment, including the special circumstance finding, was affirmed on appeal by the Third District Court of Appeal.  [¶]  The court's underlying file does not show that defendant Lewis has obtained a vacating of his special circumstance finding by any court, and defendant Lewis has not alleged that that has occurred or submitted any reasonably available documentary evidence to show that that has occurred.

"[Former] § 1170.95(a) provide[d] that 'A person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply: . . . (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019.'  Defendant Lewis is not such a person.  As [] §§ 187 and 189 still provide for first degree murder based on burglary-murder, when the trier of fact has found beyond a reasonable doubt that the defendant either was the actual killer, intended to kill, or was a major participant who acted in the robbery with reckless indifference to human life, as a unanimous jury in Case No. 98F07013 necessarily found that to be so beyond a reasonable doubt, and as it does not appear that there has been any postconviction proceeding in which it was ordered that the special circumstance finding be vacated in Case No. 98F07013 with regard to defendant Lewis, the court now finds that defendant Lewis simply is ineligible for relief under [] § 1170.95."

DISCUSSION

Defendant argues the trial court erred when it relied on the jury's special circumstance finding to determine he was ineligible for relief as a matter of law.  He argues that because the definitions of "major participant" and "reckless indifference to

4

human life" were clarified by our Supreme Court after the jury made its finding in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522, the special circumstance finding from his trial is invalid. Because the order denying defendant's petition relied on the special circumstance finding, defendant claims the order must be reversed. We agree.

Senate Bill No. 1437 (2017-2018 Reg. Sess.) added former section 1170.95 to provide the resentencing petition process for a "person convicted of felony murder or murder under a natural and probable consequences theory." (Former § 1170.95, subd. (a); Stats. 2018, ch. 1015, § 4.)[2] The now renumbered section 1172.6, subdivision (a) allows a petitioner to "file a petition with the court that sentenced the petitioner to have the petitioner's murder . . . conviction vacated and to be resentenced . . . when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder [or] murder under the natural and probable consequences doctrine . . . . [¶] (2) The petitioner was convicted of murder . . . following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder . . . . [¶] (3) The petitioner could not presently be convicted of murder . . . because of changes to Section 188 or 189 made effective January 1, 2019."

Subdivision (c) of section 1172.6 sets forth the process for the trial court to consider such a petition. Under section 1172.6, subdivision (c), the court reviews the petition to determine if the petitioner has made a prima facie showing that the petitioner is entitled to relief. (*Lewis, supra*, 11 Cal.5th at pp. 957-958.) "If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause." (§ 1172.6, subd. (c).)

_____

[2] Senate Bill No. 775 (2021-2022 Reg. Sess.), which became effective January 1, 2022, made various amendments to former section 1170.95. (Stats. 2021, ch. 551, § 2.)

5

Our Supreme Court has explained that subdivision (c) requires "only a single prima facie showing." (*Lewis, supra*, 11 Cal.5th at p. 962.) In the prima facie stage, "the parties can, and should, use the record of conviction to aid the trial court in reliably assessing whether a petitioner has made a prima facie case for relief under subdivision (c)." (*Id*. at p. 972, fn. omitted.) " '[I]f the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Id*. at p. 971.) "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' [Citation.]" (*Id*. at p. 972.)

After the trial court's decision, the Supreme Court issued its decision in *Strong, supra*, 13 Cal.5th 698, which concluded that "[f]indings issued by a jury before *Banks* and *Clark* do not preclude a defendant from making out a prima facie case for relief under Senate Bill [No.] 1437." (*Strong*, at p. 710.)

Considering the issue in the context of issue preclusion, the court observed, "*Banks* and *Clark* represent the sort of significant change that has traditionally been thought to warrant reexamination of an earlier-litigated issue. Our earlier discussion of habeas corpus petitioners who have obtained relief from their felony-murder special circumstances in the wake of *Banks* and *Clark* [citation] does much to explain why: There are many petitioners with pre-*Banks* and *Clark* felony-murder special-circumstance findings who nevertheless could not be convicted of murder today. Senate Bill [No.] 1437 requires petitioners seeking resentencing to make out a prima facie case that they 'could not presently be convicted of murder or attempted murder because of changes to [] Section 188 or 189 made effective January 1, 2019.' (§ 1172.6, subd. (a)(3).) A pre-*Banks* and *Clark* special circumstance finding does not negate that showing because the finding alone does not establish that the petitioner is in a class of defendants who would still be viewed as liable for murder under the current understanding of the major

6

participant and reckless indifference requirements. [Citations.]" (*Strong, supra*, 13 Cal.5th at pp. 717-718.)

The Supreme Court also considered whether "a court may reject a petition at the prima facie stage if it independently examines the record and determines, applying the *Banks* and *Clark* standards, that sufficient evidence supports the earlier findings." (*Strong, supra*, 13 Cal.5th at p. 719.) Noting the differences between pre- and post-*Banks* and *Clark* special circumstance requirements, the Supreme Court observed the changes may "have altered what evidence defense counsel would have sought to introduce . . . might have fundamentally altered trial strategies" (*id*. at p. 719), and may have affected what jury instructions were requested or given. (*Id.* at pp. 719-720.) "An after-the-fact court review of a pre-*Banks* and *Clark* record does not account for all these differences. . . . And as the Legislature has made explicit in a recent amendment to the predecessor to section 1172.6, a court determination that substantial evidence supports a homicide conviction is not a basis for denying resentencing after an evidentiary hearing. [Citation.] Nor, then, is it a basis for denying a petitioner the opportunity to have an evidentiary hearing in the first place." (*Id*. at p. 720, fn. omitted.) Thus, neither "the jury's pre-*Banks* and *Clark* findings nor a court's later sufficiency of the evidence review amounts to the determination section 1172.6 requires, and neither set of findings supplies a basis to reject an otherwise adequate prima facie showing and deny issuance of an order to show cause." (*Ibid*.)

Accordingly, neither the pre-*Banks/Clark* special circumstance findings in defendant's case, nor our conclusion that there was sufficient evidence to support defendant's murder conviction, preclude defendant's eligibility for relief as a matter of law. The trial court's decision is thus no longer supported, and we must reverse the order denying defendant's petition.

DISPOSITION

The trial court's order denying defendant's petition is reversed.  The matter is remanded to the trial court for issuance of an order to show cause and further proceedings consistent with section 1172.6, subdivision (d).


                                                                       KRAUSE          , J.


We concur:


        RENNER          , Acting P. J.


        EARL            , J.